25-2394 Eastern Missouri, United States v. Rodney McIntosh Good morning gentlemen. Mr. Marsh, we'll hear from you first. Good morning and may it please the court. My name is William Marsh on behalf of the appellant Rodney McIntosh. Because nonviolent force is sufficient to sustain a felony conviction under 18 U.S.C. section 111A, the district court erred in treating Mr. McIntosh's prior convictions as crimes of violence under the guidelines. Because of this, his case should be remanded for resentencing under an appropriate guideline range. This conclusion holds true under both the categorical approach and the modified categorical approach. I believe that the categorical approach is the appropriate vehicle in this case, but I do want to emphasize that Mr. McIntosh prevails either way. As the court is aware, the verdict director submitted to jurors in Mr. McIntosh's underlying 111A trial. Are you saying that the statute is not divisible? It is not divisible as it relates to the 111A felony provision, your honor. It is certainly divisible with respect to simple assault, divisible under this court's precedent with respect to the 111B violations, but when we're talking about the phrase assaults, resists, opposes, impedes, intimidates, or interferes, that is not a divisible string of verbs. That is my position. I think it is consistent with this court's precedent. After I had filed Mr. McIntosh's brief, this court reaffirmed in Crow, which admittedly was unpublished, that 111A defines one crime and six specific ways of committing it. That was taken from a published opinion in United States v. Street, which stood for the same proposition. Not only that, but Street also held that prosecutors are allowed to charge this statute in the indicative of means rather than elements, because that gives jurors the option of choosing separate theories of liability. One juror could convict on the basis of assault, another could convict on the basis of resist, yet another could on the basis of impede. So with that in mind, I think we're dealing with a classic scenario where the statute identifies means rather than elements as it relates to 111A felony violations. Again, we concede completely. Why does charging in the conjunctive mean that there doesn't need to be unanimity? Correct Your Honor, especially given the fact... Correct. I was asking a question. Yes, so... Why does it, why does charging in the conjunctive imply that the jury need not be unanimous? The government always charges in the conjunctive, even if they're elements, separate elements. That is correct Your Honor, but also under this court's precedent, prosecutors are then allowed to instruct jurors in the disjunctive. So while they might indict conjunctively, they are allowed to instruct disjunctively, which is what gives jurors the opportunity to settle on different theories of liability. On this statute? Yes, yes. So generally speaking, this court has stated that disjunctive instructing is appropriate when there's been conjunctive charging. Street allows for the conjunctive charging and in terms of the disjunctive instructing, that's not from street, that's from a different case. So you don't have a case right on this statute that says... No sir. You're trying to... Yes, I'm making that jump Your Honor, and it's U.S. v. Spencer for what it's worth that permits the disjunctive instructing. But as I said before, even though we believe the categorical approach ought to be applied in this particular instance, Mr. McIntosh ought to prevail. Nevertheless, even if this court were inclined to apply the modified categorical approach. Again, the verdict director submitted to jurors at his trial required that he merely cause offensive physical contact and that is a degree of force that fails to cross the violent force threshold required by Johnson. Going back categorically, based on the text of the statute, acts of resisting, opposing, impeding, intimidating, or interfering involving physical contact certainly can be accomplished with minimal non-violent force. One can literally violate this statute by putting their arm in a doorway to block a prison guard from going into a cell. They can violate it by stepping in front of an agent who's trying to arrest an unruly protester. As the Ninth Circuit correctly noted with respect to 111A, the felony provision, one can violate it with any degree of force whatsoever. That certainly doesn't rise to the level of violent force or force capable of causing injury or pain as required under the Johnson opinion. For that reason, every circuit court that appears to have decided this issue has done so in a way that favors Mr. McIntosh's position. In addition to the Dominguez-Morioki case out of the Ninth Circuit, we have the McDaniel case out of the Fourth, which again identified the fact that any degree of force whatsoever is sufficient to violate the statute. We also have the Tenth Circuit too in United States v. AMA, which is a more recent opinion. Again, that is an unpublished opinion, but it is the Tenth Circuit not only saying explicitly that the categorical approach is appropriate in this circumstance, I think it's noteworthy too that they actually relied on Mr. McIntosh's case out of the District of Kansas to reach the conclusion that violent force is not necessary to violate the statute. His was a case in which liquids were thrown. The Tenth Circuit specifically relied on that to conclude that violent force is not necessary. I think it should be telling that the government was not able to cite a single circuit court case that has decided this issue in a manner favorable to its position. In fact, the only case the government could find on point was a District Court decision that didn't even apply the categorical approach or the modified categorical approach for that matter. So I do think that what the government cannot cite works in our favor in light of the fact that other circuits have decided the issue consistent with what Mr. McIntosh would like. As the government would have it, offensive bodily touching or contact establishes only simple assault under Section 111A, thus suggesting that felony This is taken from a case in which this court analyzed 18 U.S.C. Section 113. And we would certainly concede that simple assault has an offensive contact element under that statute, but we're here talking about Section 111A. That is a different statute. That statute has identified dual purposes of not only protecting federal officers, but also preventing the hindrances of their functions. And for that reason, it encompasses more conduct than Section 113. Also, just textually speaking, there's no such thing as physical contact simple assault under Section 111A. In 2008, the statute was amended to state that any physical contact renders the conduct felonious. So there simply isn't physical contact simple assault. So the government's attempt to separate simple assault from felony assault by virtue of the degree of contact required should be unavailing. Suppose you're right about your argument on the guidelines. Could a judge who then found that the assault for the particular defendant did involve violent force take that into account under 3553A? I believe so, Your Honor. I think that a lot more is fair game under 3553A. And you know, the judge has just the entire swath of history and characteristics and all of that to consider at her disposal. If Mr. McIntosh is fortunate enough to go back for resentencing, I think that the judge will have not only that, but she'll have conduct that has occurred subsequent to sentencing. So I think there's a lot more that the court can consider. Obviously, this court cannot consider that underlying conduct as far as determining whether or not we're dealing with a crime of violence because it's going to be elements driven. I would, Your Honor, and I would actually take my seat right now if that's okay, unless the court has further questions. I didn't mean to force you to, but I saw your yellow light is on. It's up to you how to manage your time. I will reserve the rest for rebuttal if I may. Thank you. Mr. Prejewell, we'll hear from you. Thank you, Your Honor. May it please the court. Nino Prejewell on behalf of the United States. Really, the difference between our arguments is the touchstone of force. Unlike other statutory sections, Section 111A requires force as a necessary element. Can't that force be minimal? Your Honor, the force could be minimal, but first we have to, in physical contact cases, the physical contact is a separate element. It's a forcible assault with physical contact. Before we get to the extent of the physical contact, we first have to define physical assault. In Wilkins, this court defined physical assault as, excuse me, an officer so as to inspire fear of pain, bodily harm, or death. Before we even get to what is physical contact within the statute, we have to answer the question, what is forcible assault? Forcible assault is something that inspires fear. Adding physical contact to acts which have inspired fear in an officer trying to do their duties doesn't become any less of a crime of violence. So are you saying a simple touch that inspires fear would be a violent felony? I'm saying that the touch would have to follow a forcible assault. I know, but you just defined forcible assault as some action that inspires fear. Correct, Your Honor. Then you add the mere touching. Yes, Your Honor. If in the act of forcibly assaulting or doing any of the acts of Section 111A, if you then make physical contact, that is a crime of violence, Your Honor. The degree of the touching doesn't really matter because you're doing it in the context of forcibly assaulting. It's not like a simple assault where it's any intentional touching. Not like a simple assault in Section 113. That was a point I was trying to make. Whatever simple assault means in the statute, it's something different than a simple assault in 113 because these are forcible assaults. Your Honor, Yates has defined simple assault as an offer or attempt by force or violence to injure. If simple assault is essentially everything that's not an aggravating factor of Section 111, and those are the other four. With respect to divisibility, Madaris tells us that the statute is divisible. That's why 111B was held to be a crime of violence, using a dangerous weapon or committing serious bodily injury in the course of a forcible assault. If you take a look at Rafiti, which is an out-of-circuit case, but which Madaris relied on, that case states that in order to prove both 111A and 111B forcible assaults, you first have to define, as the district court did in that case, what forcible assault means. They define it in these terms of inspiring fear of pain, bodily harm, or death. It's maybe worded slightly so to speak, on top of which the physical contact occurs. So equating it to walking up to an officer and just touching them, that wouldn't work. I think the examples were putting an arm in a doorway. You'd have to put that arm in a doorway. One, there's no physical contact, so there's a difference there. But two, it would have to be in the context of a forcible assault. Spitting. Walking up to an officer and just spitting at them without any context would not satisfy the statute. Instead, it has to be in the context of a forcible assault. And then, if they make physical contact, you get the sentencing enhancement, which is a crime of violence then, because forcible, simple assaults are misdemeanors. I see some confused looks, and I'm wondering if there are any questions, Your Honors. And I just want to address another point. This is an issue of first impression, Your Honors. If you read Yates, the Eighth Circuit differs from other circuits because we have no contact assaults as well. So that's where the definition of forcibly comes from. In cases where there is no contact, the Eighth Circuit defines forcible assault as inspiring fear. When you add an element of physical contact then to acts which already inspire fear, pain, or bodily injury, you're not making those acts any less violent. And of course, on its own, that definition of forcible meets Johnson's use of force definition. And remember, Johnson was just, I think it was Florida Battery, and it had three ways of being committed, including intentional touching. But this statute is divisible. This Court doesn't even have to define what simple assault means in the statute. It could mean something like 113. It could mean something less than that. For this case, because we have that element of physical contact on top of a forcible assault, that is what renders it a crime of violence because it pushes above the one-year minimum and retains that instilling fear portion. And the last case, or the last point, Your Honor, while this is a case of first impression... So are you saying that this offense qualifies as a use of force or a threatened use of force? Under Eighth Circuit precedent, forcible assault qualifies as both. Forcible assault is not with physical contact. Forcible assault with physical contact would then be just the use of force in the context of putting somebody in fear. So I think forcible assault, even simple assault, would be a crime of violence but for being a misdemeanor because that takes it out of the penalty provision, out of the one-year maximum. But as I understand it, there's no requirement of a particular quantum of force to be used to meet 111B. Is that right? 111A, Your Honor. There are cases, and I forget which ones they are. They say it's a troubling question of degree and the Eighth Circuit has never opined where the point, where that degree begins or ends, where it is on the spectrum. However, what the Eighth Circuit has said, wherever the degree is, if there's no contact, it has to be instilling fear. It has to instill fear of bodily harm. And then you add an element of physical force on top of that. But when you just said that all of the A1 offenses would count but for the misdemeanor penalty, you must have meant that it would count as a threatened use of force. Yes, Your Honor. Exactly. But when I asked you whether McIntosh's offense counts as a use or a threatened use, you said it counts as a use of force. I'm sorry, Your Honor. I skipped over. Yes, his is a use. His is a 111A plus physical contact, which makes it an actual use of force. But in order to count as a use of force, one must use violent force. Isn't that right? Yes, Your Honor. And it is in the context of attempting to use violent force. Wait a minute. Now you're switching to attempt? I'm going back to forcible assault. So it's not like it's just any assault. It's not like forcible assault means the same thing as any assault. It means something narrower. What it means is forcible. So we have to define forcible. How this circuit has defined forcible, the first three elements are forcible and the rest, how it defines forcible is instilling fear. So the jury has to find that element before it goes on to determine whether or not there is physical contact. So it has to find that in this kind of forcible assault, there was physical contact. And so that's why it's not just any unintentional touching. It has to be in the context of a forcible assault, Your Honor. And that's why it brings it beyond a simple assault. That's why, just like Medaris, both types of 111A crimes, and I haven't touched on intent to commit a felony, but that is essentially an aggravated assault, which under the guidelines is also a crime of violence. So both of those are categorically crimes of violence. And that just leaves simple assaults as their own non-violent section because of the misdemeanor portion. Thank you, Your Honors. I see that I have no questions. I just ask that you affirm the decision below. Very well. Thank you. I really just want to make a couple of very brief points. If I understand the government's argument correctly, the position that this physical contact assault requires violent force seems to be predicated on this notion that it also has to inspire fear. I want to be very clear that this Court's precedent states that physical contact or putting someone in fear constitutes a felony offense. So again, the fear is not a necessary component of the physical contact. The physical contact can be to any degree whatsoever, and it doesn't matter whether it inspires fear or not. But would it be a forcible assault if it was just a mere touching? Yes. I mean, it wouldn't be a violent force assault, but there are different gradients of force, Your Honor. Do you think it would be a forcible assault under A-1 if there were a mere touching? Even without violent force, yes, because only physical contact is what is required, and because there are different gradients of force... No, I'm not talking about the physical contact piece now. I'm just talking about the misdemeanor. Oh, the misdemeanor. I don't think that there's any physical contact misdemeanor offense in the statute, Your Honor, because physical contact is touchily identified. I'm not sure the government quite put it this way, but I hear them saying that under Wilkins and Schrader, 1-11 requires a threat of physical aggression that inspires fear. Those are 1-11B cases, Your Honor. Okay, but that's wrong as to 1-11A. You don't need contact with respect to 1-11B. With 1-11A, you do, or you inspire fear, according to this Court's precedent, and that is precedent that predates the 2008 physical contact language. But before then, it was physical contact or inspires fear. Physical contact, standing alone, is sufficient to felonize conduct under this statute. Do you have anything else? I'm out of time, Your Honor. I do not. I would only ask that you remand. Thank you. Thank you for your argument. Thank you to both counsel. The case is submitted. Counsel are excused. Thank you, Your Honor.